**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FORREST THOMAS, | ) |
| | ) |
| Plaintiff, | )   2:26-CV-376 |
| | ) |
| v. | ) |
| | ) |
| THE PNC FINANCIAL SERVICES | ) |
| GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## CASE MANAGEMENT ORDER

The Court held an initial case management conference on June 16, 2026, and based on the discussion at that conference, issues the following schedule:

### Mandatory Alternative Dispute Resolution

1.      The Court appoints Melvin Vatz as mediator.  The mediation session shall be completed by no later than **August 4, 2026**.

### Discovery Schedule

2.      Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure will be made by **June 12, 2026**.  This includes the production of all documents referenced in each party's disclosures.  The parties are reminded to supplement their disclosures with due diligence.

3.      Fact discovery shall be completed by **December 12, 2026**.  Given the length of this period, the Court is unlikely to extend this deadline, so the parties should treat this as a final deadline.

4.      The parties shall be limited to **15** requests for production, **15** written interrogatories, **15** requests for admission, including subparts, submitted by a party to another party, and **3** fact witness depositions (inclusive of any Rule 30(b)(6) depositions).  The parties shall only serve document requests for information not

otherwise covered by Rule 26(a) of the Federal Rules of Civil Procedure. Such requests shall not be boilerplate requests, and the parties' responses shall not contain boilerplate general objections; any objections must be stated with specificity as to a particular request or will otherwise be deemed waived. Further, in response to interrogatories, if the parties refer to documents produced, such references shall include specific Bates numbers. These limitations do not apply to any third-party discovery that may be necessary. The parties can expand the limits on discovery by mutual agreement or by seeking leave of Court.

5. Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

(a) The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

(b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

(c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

6. The parties shall meet and confer regarding all discovery disputes. If a dispute is not resolved, then instead of filing a discovery motion, the parties shall contact Chambers. The Court will then either set up a conference or order the parties to e-mail a brief summary of the nature of the dispute, so that the Court can attempt to resolve the dispute without the need for motions practice. If a dispute remains unresolved at that point, the Court will issue a briefing schedule to decide the discovery dispute. In connection with those briefs, each interested party shall submit a carefully crafted proposed order along with its brief, which should include in it the precise relief requested and the amount of any attorneys' fees and costs to be awarded. If appropriate, the Court will decide the dispute by executing one of the party's proposed orders.

7. The parties shall file a joint motion for entry of protective order by **June 23, 2026**.

## Motions to Amend or Add New Parties

8. Any consented-to amended pleadings or joinder of parties shall be filed no later than **July 13, 2026**. Lacking consent, any motion to amend pleadings or join parties shall be filed no later than **July 13, 2026**.

## Discovery Status Update

9. On or before **December 1, 2026**, the parties shall file a joint status report, updating the Court on the status of discovery. The parties should be prepared at that conference to discuss the scheduling of expert discovery, summary-judgment motions (if any), and trial.

## Post-Discovery Status Conference

10. Upon the completion of fact discovery, the Court shall hold a telephonic post-discovery status conference on **December 16, 2026, at 10:00 a.m.** The dial-in information is as follows: 412-547-0144, with an access code of 997897797#. The

- 4 -

parties shall be prepared at that conference to discuss the scheduling of summary judgment motions (if any) and expert discovery.

DATED this 16th day of June, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge