## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FORREST THOMAS,

        Plaintiff,

    v.

THE PNC FINANCIAL SERVICES GROUP,
INC. d/b/a PNC BANK,

        Defendant.

Civil Action No.  2:26-cv-00376

District Judge J. Nicholas Ranjan

### STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26, the parties hereby agree to the following terms to govern the disclosure of confidential information in discovery, and request that the Court enter this Stipulated Protective Order, as follows:

1.    <u>Proceedings and Information Governed.</u> This Protective Order shall govern any document, information, or other thing produced or adduced in discovery in this matter and includes, but is not limited to, initial disclosures, answers to interrogatories, responses to requests for production of documents, deposition testimony and exhibits, third party information obtained by way of an authorization or subpoena, and all other writings or things produced, given, or filed in this action that are designated by a party or non-party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2.    <u>Designation and Maintenance of Information.</u>

(a)  For purposes of this Protective Order, the "Confidential Information" designation shall mean that the information is comprised of (i) personal information, including

but not limited to Social Security numbers and other personal identifiers, financial information, credit or background check information, or health information, of any party or non-party, which is not publicly known or available; or (ii) employment records of Defendant's current or former employees other than Plaintiff; (iii) Defendant's customer information; (iv) trade secret, proprietary or commercial information of any party or non-party, which is not publicly known or available; or (v) other information required by law or agreement to be kept confidential.

(b)  Information may be designated as "Confidential Information" in the following manner:  (i) documents may be designated by the producing party by conspicuously placing the word "CONFIDENTIAL" in the margin of each page of the document, or otherwise placed so as not to obscure the text; (ii) electronic documents produced in native format (e.g., Excel) may be designated by including the word "CONFIDENTIAL" in all caps in the file name along with the document's Bates number; (iii) information disclosed in a deposition may be designated by requesting, at the time of the deposition, that the court reporter designate the transcript or any portion thereof as "CONFIDENTIAL," or after the deposition by written request to all parties and the court reporter, made within fourteen (14) calendar days after the transcript is available to the parties. In the case of timely written designation after a deposition, each party and the court reporter shall attach a copy of the designation notice to the transcript, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(c)  It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

3.    <u>Failure to Designate.</u> The failure to designate information as confidential at the time of disclosure will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

4.    <u>Disclosure and Use of Confidential Information.</u> Information designated as Confidential Information may be used only for purposes of this litigation. Confidential Information may be disclosed only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) the parties; (b) counsel for the parties, including their support personnel and outside vendors who require access to the information in the ordinary course and scope of their duties; (c) for a corporate party, any current or former employee of the party who is requested or required to provide information, testimony, or assistance in the conduct of this litigation, including any settlement discussions; (d) experts consulted or retained by any party; (e) a party's insurance company, including its agents and representatives, for purposes of providing defense and/or indemnification under an applicable insurance agreement; (f) any mediators or other ADR providers engaged by the parties for the purposes of settlement; and (g) the Court and its personnel. Counsel shall be responsible for the compliance with this Protective Order of their clients, support personnel and outside vendors, as more fully described in subsections (a), (b), and (c) of this paragraph. Before disclosing Confidential Information to any former employee of a corporate party under subsection (c) of this paragraph, or to any expert under subsection (d) of this paragraph, counsel shall provide a copy of this Protective Order to the individual and require that the individual execute a written

acknowledgement and agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A, a copy of which shall be provided to any counsel of record upon request.

5.      Non-Party Information. A copy of this Protective Order shall be provided to any non-party that is served with a subpoena for documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order. Nothing in this paragraph shall prejudice the right of any party to designate non-party information as Confidential Information in accordance with paragraphs 1 and 2 of this Protective Order.

6.      Filing Documents With the Court.

(a)  Pursuant to this Order, whenever a party intends to file Confidential Information or other material with the Court that the party desires be filed under seal, such party shall first file a motion for leave to file such materials under seal in accordance with applicable law and rules of court, including LCvR 5.2.H. The party filing such motion shall first confer with all other parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents or opposes the motion. All motions to seal any document or proceeding must be filed at least five (5) business days in advance of the filing deadline that pertains to the filing or proceeding sought to be sealed.

(b)  As part of the parties' meet and confer process, they may discuss and agree on redactions or other safeguards that may protect the confidentiality of the information and thereby eliminate any need to file the subject documents under seal.

(c)  Nothing in this Order shall be construed to affect the use of any document, material, or information at trial, provided that the party seeking to introduce Confidential Information shall first confer with the producing party as described in this paragraph. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

7.    No Prejudice. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, shall not prejudice the rights of a party to object to the production of information that the party does not consider to be within the scope of discovery, to object to the admissibility of such information, to seek a determination by the Court that particular information be produced, to move the Court for further protective order(s) as to particular information, or to agree in writing to alter or waive the requirements of this Protective Order as to any particular information.

8.    Clawback of Privileged Materials. A party's production of a document or information protected by privilege shall not operate as a waiver of privilege or protection from discovery in this or any other legal proceeding, regardless of inadvertence. Once a party becomes aware that it has produced or received documents that are or appear to be privileged, that party shall promptly notify the other party of the disclosure. Promptly upon such notification, the producing party may designate the documents or information as privileged, stating the grounds upon which privilege is asserted, and request the return of documents or information that should have been withheld. Upon receipt of such a request, the receiving party shall promptly segregate, collect, and return the documents, including all copies, summaries, and excerpts thereof, except that the documents may be destroyed upon the producing party's consent. Should the parties disagree whether the information is privileged, they shall meet and confer in an attempt to

resolve the dispute. If the parties are unable to resolve the dispute, the party seeking to challenge the claim of privilege shall file a motion with the court to compel production of the documents or information. The documents or information in dispute shall remain sequestered and shall not be used or disclosed by the receiving party for any purpose, until the Court rules on the motion or the parties agree otherwise.

Nothing herein shall be deemed to waive or limit any applicable privilege or to affect the ability of a party to seek relief for the disclosure of information protected by privilege regardless of the steps taken to prevent disclosure. If a party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges and the party receiving the information may not argue that the producing party failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived.

9.      Conclusion of Litigation. The terms of this agreement shall survive the conclusion of this action.

10.     Enforcement; Remedies. The parties shall comply with all applicable rules of court with respect to any disputes that arise under the terms of this Protective Order. This Protective Order shall be enforced by the sanctions set forth in Fed. R. Civ. P. 37 and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

11.     Effective Date. This Agreement shall bind the parties, and shall be effective immediately upon execution by each party's counsel of record.

AGREED this 23rd day of June 2026, by:

*s/ Andrew M. Snyder*

Andrew M. Snyder (PA No. 320004)
andrew@workersrightslawgroup.com
Brendan K. Petrick (PA No. 88968)
brendan@workersrightslawgroup.com
Patrick W. Carothers (PA No. 85721)
patrick@workersrightslawgroup.com
THE WORKERS' RIGHTS LAW GROUP,
LLP Foster Plaza 10
680 Anderson Dr., Suite 230
Pittsburgh, PA 15220
Telephone: (412) 910-9592
Facsimile: (412) 991-7510

Attorneys for Plaintiff, Forrest Thomas

*s/ Erica L. Stringer*

Erica L. Stringer (PA No. 89934)
estringer@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone:  (312) 460-5148
Facsimile:  (312) 460-7536

Alnisa S. Bell (*pro hac vice*)
abell@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Attorneys for Defendant, PNC Bank,
N.A.

**BY THE COURT:**

IT IS SO ORDERED this 7th day of July, 2026.

s/ J. Nicholas Ranjan
UNITED STATES DISTRICT JUDGE

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FORREST THOMAS,

        Plaintiff,

        v.

THE PNC FINANCIAL SERVICES GROUP,
INC. d/b/a PNC BANK,

        Defendant.

Civil Action No.  2:26-cv-00376

District Judge J. Nicholas Ranjan

## <u>CONFIDENTIALITY AGREEMENT</u>

        I, _____, hereby affirm that I have received and read a copy of the Stipulated Protective Order entered in the above-captioned matter, and agree to comply and be bound by it with respect to my receipt and use of Confidential Information as defined therein. I agree that I shall not use Confidential Information for any purpose other than providing information, consultation or testimony in this litigation; I shall not disclose any Confidential Information to persons other than those specifically authorized by the Protective Order; and I shall notify any support personnel who are required to assist me of the terms of this Protective Order and its binding effect on them and me.

        I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assistance in this matter, at which time all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

        I submit to the jurisdiction of this Court for enforcement of the Protective Order.

Dated: _____    Signed:_____